**THIS ORDER IS SIGNED AND ENTERED.**

Dated: January 26, 2016

_____
Hon. Catherine J. Furay
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re:   JOHN P. WAGGONER<br>          *aka* JP SPORTS, INC.<br>          *dba* SPORTSMAN'S HEADQUARTERS<br>          and<br>          REBECCA B. WAGGONER<br><br>                       Debtors. | CHAPTER 7<br>CASE NO. 15-14310-cjf |

**ORDER GRANTING WELLS FARGO BANK, N.A.
RELIEF FROM AUTOMATIC STAY AND ABANDONMENT**

This case came before the Court on the Motion for Relief from Automatic Stay and for Abandonment (the "Motion") filed by Wells Fargo Bank, N.A. (hereinafter "Creditor"), dated 01/12/2016, with respect to real property of Debtors, commonly known as 477 Sundance Rd., Wakefield, Michigan 49968 (the "Collateral"). Due and proper notice was given, and no objections were filed. The

Drafted by:
Attorney Amy J. Smith
Kohner, Mann & Kailas, S.C.
Washington Building
4650 North Port Washington Road
Milwaukee, WI 53212-1059
Telephone: (414) 962-5110
Facsimile: (414) 962-8725
Email: asmith@kmksc.com

KMK File 10006186

facts recited in the motion show that there is no equity in the Property, the Movant's interest in the Property is not adequately protected, and cause exists for granting the Movant's request for relief from the stay and abandonment.

IT IS THEREFORE ORDERED that the stay of proceedings under 11 U.S.C. § 362 is terminated with respect to Debtor(s), the estate, and collateral, so as to allow Creditor to pursue enforcement against Debtor(s) and the Collateral, for all purposes allowed under the promissory note and mortgage, recorded on 05/07/2012 in Ledger 543, Pages 565-582 and with Receipt No. 3063, and applicable nonbankruptcy law, including but not limited to the foreclosure and sale of the Collateral.

IT IS FURTHER ORDERED the entry of this Order shall constitute abandonment pursuant to 11 U.S.C. § 554.

IT IS FURTHER ORDERED that Creditor shall have the right to take any and all actions with respect to the real property that are available under applicable non-bankruptcy law (i.e. modifications, short sales and other loss mitigation options).

IT IS FURTHER ORDERED that Creditor be relieved of any further requirement to file and serve Notices of Payment Change under Federal Rule of Bankruptcy Procedure 3002.1(b) and/or Notices of Post-Petition Fees, Expenses and Charges as required by Federal Rule of Bankruptcy Procedure 3002.1(c).

IT IS FURTHER ORDERED that this Order is effective immediately, and is not stayed for 14 days pursuant to Bankruptcy Rule 4001(a)(3).

#####